Michael F. Krieger, mkrieger@kmclaw.com, (#5984)
Adam D. Stevens, astevens@kmclaw.com, (#10986)
          Attorneys for Sub Zero Franchising, Inc.

**KIRTON | McCONKIE**
60 East South Temple, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Fax: (801) 321-4893

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUB ZERO FRANCHISING, INC., a Utah corporation<br><br>Plaintiff,<br><br>v.<br><br>FRANK NYE CONSULTING LLC, d/b/a THE ARCTIC SCOOP, a Kentucky limited liability company,<br><br>Frank Nye, an individual, and<br><br>Allison Nye, an individual,<br><br>Defendants. | Civil Action No. 2:15-cv-00821-DBP<br><br>Judge Dustin B. Pead<br><br>**COMPLAINT**<br><br>**AND**<br><br>**JURY DEMAND** |

The Plaintiff Sub Zero Franchising, Inc. complains of the Defendants Frank Nye Consulting LLC, d/b/a The Arctic Scoop, Frank Nye, and Allison Nye, and and for a cause of action alleges as follows:

## PARTIES

1.      Plaintiff Sub Zero Franchising, Inc. ("Sub Zero") is a Utah corporation having an address of 301 South 400 East, American Fork, Utah 84003.

2.      Upon information and belief, Defendant Frank Nye Consulting, LLC is a Kentucky Limited Liability Company having an address of 440 Highfield Road, Louisville, Kentucky 40207 and does business under an assumed name, "The Arctic Scoop," having an address of 1524 Bardstown Road, Louisville, Kentucky 40207 ("Arctic Scoop").

3.      Upon information and belief, Defendant Frank Nye is a manager, member, and president of Arctic Scoop, and has an address of 440 Highfield Road, Louisville, Kentucky 40207.

4.      Upon information and belief, Defendant Allison Nye is a manager, member, and vice-president of Arctic Scoop, and has an address of 440 Highfield Road, Louisville, Kentucky 40207.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under Title 35 of the United States Code. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      Additionally, this action concerns trade secret misappropriation and contract disputes between Sub Zero and the Defendants, totaling an amount in excess of $75,000.00 resulting from breach of contract and related conduct.

7.      Diversity jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

8.      The Defendants are subject to personal jurisdiction in Utah and this District.

9.      Venue is proper pursuant to 28 U.S.C. § 1391.

10.      This Court has personal jurisdiction over the Defendants pursuant to Rule 4(k) of the Federal Rules of Civil Procedure and Utah Code Ann. § 78B-3-205 in that this action relates to Defendants' transaction of business within the State of Utah.

## GENERAL ALLEGATIONS

11.     Sub Zero was founded by Jerry and Naomi Hancock, with its first store opening in 2004.

12.     Since 2004, Sub Zero has grown substantially through franchising, and now has locations throughout the United States and in China and the United Arab Emirates.

13.     The Sub Zero stores provide a unique ice cream product produced using unique methods of freezing an ice cream premix using liquid nitrogen.

14.     In 2013, Sub Zero and the Defendants explored the possibility of having the Defendants become a franchisee of Sub Zero and to operate a Sub Zero location in Louisville, Kentucky.

15.     In conjunction with the exploration of the possible relationship between Sub Zero and the Defendants, Defendants Frank and Alison Nye executed a confidentiality and non-disclosure agreement on August 5, 2013, a copy of which is attached as Exhibit A (the "NDA").

16.     Pursuant to the NDA and in furtherance of the possible franchising relationship between Sub Zero and Defendants, Sub Zero disclosed confidential and trade secret information to the Defendants both directly and through other franchisees of Sub Zero.

17.     In furtherance of the potential relationship between Sub Zero and the Defendants, the parties worked together over a period of months to negotiate and finalize the relationship. Although drafts of a contract between the parties were prepared and exchanged, no final franchisor-franchisee relationship was established between Sub Zero and any of the Defendants.

18.     In the NDA, the Defendants agreed to maintain the confidentiality of the information disclosed to them, and further agreed not to use the confidential information or methods of operation disclosed to them.

19.     After negotiations broke down between Sub Zero and the Defendants, Defendants opened and began operating a store called "The Arctic Scoop." Through this store, the Defendants used the confidential information and methods of operation disclosed to them by Sub Zero directly and/or through its franchisees to offer a competing ice cream product in the Louisville, Kentucky area. Defendants' actions in operating The Arctic Scoop and offering the competing ice cream product were in violation of the NDA. Defendants' actions in operating The Arctic Scoop and offering the competing ice cream product have caused damages to Sub Zero and/or one or more of its franchisees.

20.     On March 25, 2014, the U.S. Patent and Trademark Office issued United States Patent Number 8,679,566 (the "'566 Patent") to Jerry Hancock, a copy of which is attached as Exhibit B.

21.     Sub Zero is the owner of the right to enforce the '566 Patent against the Defendants by assignment.

22.     Defendants, without permission of Sub Zero, have been and still are infringing the '566 Patent under 35 U.S.C. § 271 because they make, use, or sell servings of ice cream product(s) using processes that infringe one or more claims of the '566 Patent. Sub Zero has been damaged by Defendants' infringement.

23.     Sub Zero notified Defendants of the '566 Patent and Defendants' infringement of the '566 Patent on October 28, 2014. Defendants' infringement has not ceased since that time.

24.     Upon information and belief, Defendants have continued or do continue their infringing activities after receiving notice of the '566 Patent, and such infringement is willful.

25.     Pursuant to the NDA, Sub Zero and the Defendants conducted a mediation on February 3, 2015. The parties were unable to achieve resolution of the dispute between them.

26.     Defendants' actions complained of herein are causing irreparable harm and monetary damage to Sub Zero and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

## FIRST CLAIM FOR RELIEF
### Breach of Contract (NDA)

27.     Sub Zero incorporates by reference all other allegations of this Complaint as though set forth here in full.

28.     Pursuant to the NDA, Sub Zero disclosed confidential and trade secret information to the Defendants either directly or through one or more of Sub Zero's then-existing franchisees.

29.     Under the NDA, the Defendants had a duty to avoid disclosure or use of the confidential information and methods of operation disclosed to them by Sub Zero and/or its franchisees.

30.     The Defendants breached the NDA by using the confidential and trade secret information disclosed to them in conjunction with opening and operating The Arctic Scoop and by making and selling a competing ice cream product at The Arctic Scoop. The Defendants may have breached the NDA in other ways yet to be discovered, including with respect to their employees or other business contacts.

31.     After being notified of the breach of the NDA, the Defendants refused to cease its actions which were in breach of the covenants of non-disclosure and non-use contained in the NDA.

32.     As a result of the Defendants' breaches of contract, Sub Zero has sustained damages in an amount to be proven at trial.

33.     Sub Zero is entitled to recover from the Defendants damages it has incurred as a result of the Defendants' breaches, including, but not limited to, Sub Zero's costs and attorneys' fees incurred herein, and interest thereon at the legal rate.

34.     Sub Zero and/or its franchisees is/are and will be irreparably harmed by Defendants' continued use and/or disclosure of the information and methods of operation disclosed to them by Sub Zero directly and/or by its franchisees. Pursuant to the NDA, Sub Zero is entitled to injunctive relief preventing Defendants' continued disclosure and/or use of the information and methods of operation disclosed to them by Sub Zero and/or its franchisees.

## SECOND CLAIM FOR RELIEF
### Misappropriation of Trade Secrets (Uniform Trade Secrets Act)

35.     Sub Zero incorporates by reference all other allegations of this Complaint as though set forth here in full.

36.     In the NDA, the Defendants agreed to receive certain confidential and trade secret information and methods of operation disclosed by Sub Zero and/or one or more of Sub Zero's franchisees in confidence and to not use or disclose such information without express approval in writing by Sub Zero.

37.     In breach of the NDA and their covenants to maintain secrecy and non-use, the Defendants have used the confidential and trade secret information and methods of operation disclosed to them.

38.     The Defendants' actions constitute a breach of their duty to maintain secrecy, constituting improper means of acquiring the confidential and trade secret information acquired and used by the Defendants.

39.     At all relevant times, the Defendants knew or had reason to know that the confidential and trade secret information and methods of operation were acquired by them by improper means and that their use of the acquired information and methods of operation was without permission from Sub Zero and was in violation of their duty to maintain its secrecy or limit its use.

40.     The confidential and trade secret information and methods of operation disclosed to and acquired by the Defendants from Sub Zero and/or one or more of its franchisees includes information and methods that is of substantial economic value to Sub Zero and its authorized franchisees. That value includes value derived from its not being generally known to others other readily discernable by proper means.

41.     Sub Zero maintains the secrecy of its confidential and trade secret information by reasonable means under the circumstances, by, *inter alia*, requiring its franchisees and potential franchisees to enter into confidentiality and non-disclosure agreements similar to the NDA signed by the Defendants, and by prohibiting disclosure of information and methods of operation to franchisees' employees except as disclosure is required to allow such employees to perform their duties.

42.     Sub Zero is entitled to recover from the Defendants damages it has incurred as a result of the Defendants' misappropriation and use of Sub Zero's trade secrets and confidential information. The damages which Sub Zero is entitled to recover include Sub Zero's actual damages as a result of the misappropriation, as well as the Defendants' unjust enrichment not taken into account in computing actual loss. In the alternative, Sub Zero is entitled to recover damages measured by imposition of liability for a reasonable royalty for the Defendants' unauthorized disclosure or use of Sub Zero's confidential and trade secret information and methods of operation.

43.     Because the Defendants misappropriation was willful and malicious, with knowledge that their actions were in direct violation of their covenants in the NDA, Sub Zero is further entitled to exemplary damages in an amount up to twice the award of actual damages, unjust enrichment, or reasonable royalty damages determined in this action.

44.     Sub Zero is entitled to entry of an injunction to prevent further disclosure or use of the trade secret and confidential information and methods of operation disclosed by Sub Zero to the Defendants either directly or through one or more of Sub Zero's frachisees.

## FOURTH CLAIM FOR RELIEF
### Patent Infringement

45.     Sub Zero incorporates by reference all other allegations of this Complaint as though set forth here in full.

46.     Sub Zero is the owner of the right to enforce the '566 Patent against the Defendants by assignment.

47.     Defendants, without permission of Sub Zero, have been and still are infringing the '566 Patent under 35 U.S.C. § 271 because they make, use, or sell servings of ice cream product(s) using processes that infringe one or more claims of the '566 Patent. Sub Zero requests an award of its actual damages caused by such infringement pursuant to 35 U.S.C. § 284.

48.     Sub Zero notified Defendants of the '566 Patent and Defendants' infringement of the '566 Patent on October 28, 2014. Defendants' infringement has not ceased since that time.

49.     Defendants have continued or do continue their infringing activities after receiving notice of the '566 Patent, and, upon information and belief, such infringement is willful, entitling Sub Zero to the recovery of treble damages pursuant to 35 U.S.C. § 284.

50.     In addition, this is an "exceptional case" justifying an award of attorneys' fees and costs to Sub Zero pursuant to 35 U.S.C. § 285.

51.     The Defendants' actions complained of herein are causing irreparable harm and monetary damage to Sub Zero and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

## FIFTH CLAIM FOR RELIEF
### Breach of the Covenant of Good Faith and Fair Dealing

52.     Sub Zero incorporates by reference all other allegations of this Complaint as though set forth here in full.

53.     An implied covenant of good faith and fair dealing generally inheres to all contractual relationships.

54.     Under that covenant, each party impliedly promises that it will not do anything that will destroy or injure the other party's right to receive the fruits of the contract.

55.     Based upon the NDA, Sub Zero reasonably expected and had rights to receive payment of franchisee fees and royalties for any eventual authorized use of the confidential trade secret information and methods of operation provided to the Defendants.

56.     The Defendants prevented Sub Zero from receiving such fees and royalties by receiving the information from Sub Zero and/or its franchisees and then by using the information disclosed to it in breach of the NDA and without entering into a franchisee agreement and relationship with Sub Zero, thereby breaching the covenant of good faith and fair dealing.

57.     The Defendants' actions have resulted in damages to Sub Zero either directly or by way of damages to Sub Zero's franchisees in an amount to be determined at trial, plus all other damages, including interest, attorneys' fees, and court costs.

## **RELIEF**

WHEREFORE, the Plaintiff Sub Zero demands Judgment against the Defendants as follows:

A.     An award of Sub Zero's actual damages as a result of the Defendants' breach of the NDA, including costs and attorneys' fees as authorized by the NDA, prejudgment interest, and post-judgment interest;

B.     Declaratory relief enjoining the Defendants from further breaches of the NDA, and from further use or disclosure of the information and methods of operation disclosed to the Defendants by Sub Zero and/or its franchisees under the NDA;

C.     An award of Sub Zero's actual damages as well as any unjust enrichment of the Defendants not taken into account in computing Sub Zero's actual damages as a result of the Defendants' misappropriation of Sub Zero's trade secrets;

D.      Alternatively, for the Defendants' misappropriation of Sub Zero's trade secrets, damages measured by imposition of liability for a reasonable royalty for the Defendant's unauthorized disclosure or use of Sub Zero's confidential and trade secret information and methods of operation;

E.      An award of exemplary damages because Defendants' misappropriation of Sub Zero's trade secrets in an amount equal to twice the actual damages/unjust enrichment or reasonable royalty for Defendants' misappropriation;

F.      Declaratory relief enjoining the Defendants from further disclosure or use of the trade secret and confidential information and methods of operation disclosed to the Defendants either directly or through one or more of Sub Zero's Franchisees;

G.      An award of Sub Zero's actual damages, including costs, prejudgment interest, and post-judgment interest for Defendants' infringement of the '566 Patent;

H.      A trebling of the patent damages for willful infringement under 35 U.S.C. § 284;

I.      A finding that this is an exceptional case and an award of attorneys' fees, expenses, and costs under 35 U.S.C. § 285;

J.      A permanent injunction prohibiting further infringement of the '566 Patent by all the Defendants and all of their officers, agents, affiliates, servants, and employees, and all other persons in active concert or participation with them;

K.      A preliminary injunction prohibiting further infringement of the '566 Patent by all the Defendants and all of their officers, agents, affiliates, servants, and employees, and all other persons in active concert or participation with them;

L.     An award for damages for the Defendants' breach of the covenant of good faith and fair dealing;

M.     For Sub Zero's reasonable attorneys' fees incurred in this action;

N.     For costs of suit incurred in this action and interest as provided by law; and

O.     For such further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Sub Zero hereby demands a jury trial on all claims and issues triable to a jury.


DATED this 19th day of November, 2015.


KIRTON & McCONKIE


By:   __s/Michael Krieger_____
        Michael F. Krieger
        Adam D. Stevens

Attorneys for Plaintiff
SUB ZERO FRANCHISING, INC.