H. Dickson Burton (4004)
hdburton@traskbritt.com
Daniel Bezdjian (14597)
djbezdjian@traskbritt.com
TRASKBRITT, PC
P.O. Box 2550
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Telephone:  (801) 532-1922

Robert J. Theuerkauf (KY 89068) (*pro hac vice*)
rtheuerkauf@middletonlaw.com
Daniel W. Redding (KY 93234) (*pro hac vice*)
dredding@middletonlaw.com
MIDDLETON REUTLINGER
401 South Fourth Street - Suite 2600
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Fax: (502) 561-0442
*Attorneys for Defendants Frank Nye
Consulting, LLC d/b/a The Arctic Scoop,
Frank Nye, Individually, and Alison Nye, Individually*

# IN THE UNITED STATES DISTRICT COURT
# THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUB ZERO FRANCHISING, INC., a Utah corporation,<br><br>    Plaintiff/Counterclaim Defendant<br><br>  v.<br><br>FRANK NYE CONSULTING, LLC, d/b/a THE ARCTIC SCOOP, a Kentucky limited liability company,<br>FRANK NYE, an individual, and ALISON NYE, an individual,<br><br>    Defendants/Counterclaimants | **DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**<br><br>**Case No. 2:15-cv-00821-BSJ**<br><br>**Honorable Judge Bruce S. Jenkins** |

## TABLE OF CONTENTS

PRECISE RELIEF SOUGHT AND GROUNDS FOR THE MOTION .......................................iv

FACTUAL BACKGROUND................................................................................................... v

ARGUMENT.............................................................................................................................. 1

    A.  LEGAL STANDARD ....................................................................................................1

    B.  SUB ZERO LACKS STANDING TO ASSERT THE '566 PATENT................................2

    C.  THE PURPORTED ASSIGNMENT TO SUB ZERO OF THE '566 PATENT CANNOT CONFER STANDING, AND SUB ZERO DOES NOT HAVE STANDING TO ASSERT ANY CLAIM FOR INFRINGEMENT OF THE '868 PATENT...............................................................................................................................3

    D.  SUB ZERO'S PATENT INFRINGEMENT CLAIMS SHOULD BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION. ...................5

CONCLUSION.......................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1382 (Fed. Cir. 2015) ...............1

*Crown Die & Tool v. Nye Tool & Machine Works*, 261 U.S. 24, 44 (1923) ..................4

*Drone Techs. v. Parrot S.A.*, 838 F.3d 1283, 1292 (Fed. Cir. 2016) ...............................1

*Fieldturf, Inc. v. Sw. Rec. Indus.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004) ........................5

*Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996) ........2

*Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224-25 (10th Cir. 2012) .....1

*Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) .............................................1

*Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1033 (Fed. Cir. 2015)...3, 4

*Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1372 (Fed. Cir. 2008) .....................3

*Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340-41 (Fed. Cir. 2007)........................2, 3

*Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. 2015-1406, 2017 U.S.
  App. LEXIS 1292 (Fed. Cir. Jan. 25, 2017) ................................................................5

*Paradise Creations, Inc. v. U V Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) ........2

*Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)...............................................1

*Schrieber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005)...........2, 3, 5

*Sicom Sys. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005) ......................2

**Statutes**

35 U.S.C. § 100(d) ..............................................................................................................1

35 U.S.C. § 281 (2012) .......................................................................................................1

35 U.S.C. §261......................................................................................................................1

Fed. R. Civ. P. 12(b)(1)............................................................................................. iv, v, 7

Fed. R. Civ. P. 30(b)(6)..................................................................................................... vi

**Rules**

Local Patent Rule 2.2..........................................................................................................v

LPR 2.2(a)(4) ................................................................................................................ v, vi

Rule 12(b)(1)........................................................................................................................1

## PRECISE RELIEF SOUGHT AND GROUNDS FOR THE MOTION

Defendants/Counterclaimants Frank Nye Consulting, LLC, d/b/a The Arctic Scoop (the "Arctic Scoop"), Frank Nye ("Frank Nye"), and Alison Nye ("Alison Nye") (collectively "Defendants"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(1), respectfully move the Court for the dismissal of the claims asserted by Plaintiff Sub Zero Franchising, Inc. ("Sub Zero" or "Plaintiff") for infringement of U.S. Patent No. 8,679,566 ("the '566 Patent") and U.S. Patent No. 7,455,868 ("the '868 Patent") (collectively the "Patents at Issue"). Sub Zero lacks standing to assert either of these claims, leaving the Court without subject matter jurisdiction to hear them.

On March 23, 2017, during the deposition of Jerry Hancock ("Hancock"), the named inventor on the '566 Patent and the CEO of Sub Zero, Sub Zero produced long-overdue documents that demonstrated that Sub Zero is not, and has never been, the owner of the right, by assignment or otherwise, to enforce either of the Patents at Issue. These documents, and the testimony of Mr. Hancock, demonstrated that Sub Zero has never been the assignee of either of the Patents at Issue with any right to assert such claims against Defendants. They further demonstrated that when Sub Zero filed its original Complaint in November 2015 asserting infringement of the '566 Patent, Sub Zero's statement in the Complaint that it was the "owner of the right to enforce the '566 Patent against Defendants by assignment" was baseless. These documents and testimony also showed that the named inventors of these two patents attempted to cure this defect – without any notice to Defendants or the Court – by executing a purported assignment to Sub Zero in March of 2016 of the limited right to enforce both Patents at Issue against only the Defendants. Such an assignment does not confer standing on Sub Zero as a matter of law.

iv

Accordingly, because Sub Zero lacks standing to pursue claims against Defendants for infringement of either of the Patents at Issue, the Court lacks subject matter jurisdiction to hear either of these claims. Defendants therefore request that the Court dismiss both of these claims, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1).

## FACTUAL BACKGROUND

On November 19, 2015, Sub Zero filed its original Complaint against Defendants asserting, *inter alia*, a claim for infringement of the '566 Patent (*see* DN 2, Fourth Claim), seeking injunctive relief and damages, including enhanced damages and attorney fees. In its Amended Complaint filed on August 15, 2016, Plaintiff additionally asserted a claim for infringement of U.S. Patent No. 7,455,868 ("the '868 Patent") (DN 17, Fifth Claim), seeking injunctive relief and damages, including enhanced damages and attorney fees.

Plaintiff's original Complaint repeatedly states that "Sub Zero is the owner of the right to enforce the '566 Patent against Defendants by assignment." DN 2, ¶¶ 21, 46. Plaintiff's Amended Complaint reiterates the statements of the original Complaint with respect to the '566 Patent. DN 17, ¶¶ 21, 49. The Amended Complaint additionally asserts the '868 Patent against Defendants and states that "Sub Zero is the owner of the right to enforce the '868 Patent against the Defendants by assignment." DN 17, ¶¶ 26, 56. Per Local Patent Rule ("LPR") 2.2 and the Court's Scheduling Order (DN 31), Plaintiff was required to produce with its initial disclosures "all documents concerning ownership of the patent rights by the party asserting patent infringement." LPR 2.2(a)(4). These initial disclosures were due on September 18, 2016. DN 31. Sub Zero served its Initial Disclosures on September 21, 2016 and identified that there were documents in its counsel's possession responsive to LPR 2.2(a)(4), but no such documents were produced. Defendants repeatedly requested that Sub Zero produce such documents throughout

these proceedings, and Sub Zero persisted in failing to produce any documents responsive to LPR 2.2(a)(4). In written discovery, Defendants further requested the production of "all documents related to any actual or potential ownership interest or assignment of any ownership interest in either of the Patents at Issue." *See* Defendant's First Set of Discovery Requests, attached hereto as Exhibit ("Ex.") A, at p. 20, No. 40.[1] Sub Zero served written responses and produced documents in response to these requests on March 17, 2017, but still failed to produce any documents responsive to this request or responsive to LPR 2.2(a)(4).

Defendants took the deposition of Mr. Hancock on March 22, 2017. At this deposition, Mr. Hancock testified that Sub Zero is not the assignee of the '868 Patent. *See* Excerpts of Jerry Hancock Deposition, attached hereto as Ex. B, at pp. 195-196. Instead, he testified that a company called Sub Nitro is allegedly the assignee of the '868 Patent. *Id*. Mr. Hancock could not identify any relationship between the Plaintiff Sub Zero and Sub Nitro. *Id*. On March 23, 2017, Defendants took the deposition of the corporate representative of Sub Zero pursuant to Fed. R. Civ. P. 30(b)(6), which was again Mr. Hancock. During this deposition on March 23, 2017, Sub Zero produced a handful of documents which purported to relate to the assignment of the Patents at Issue. Among these documents was a document entitled "Agreement" dated March 15, 2016, wherein Jerry Hancock, as an individual, purported to assign the right, title and interest in the '566 Patent to a company called Sub-Nitro, LLC ("Sub-Nitro"), for the purpose of "enforcing via actual or threatened litigation certain intellectual property rights." *See* Agreement, attached hereto as Ex. C. In this same "Agreement," Rob Kennedy, as an individual, purported to assign the right, title and interest in the '868 Patent to Sub-Nitro for this same

---

[1] Documents responsive to this Request for Production were due thirty (30) days after service, which was February 8, 2017. At the point they were received, these documents were nearly two-weeks overdue. Further, the documents should have been produced six months earlier in accordance with LPR 2.2(a)(4).

purpose. *See id*. Sub Zero did not produce any document related to the formation of this holding company.

At the March 23, 2017 deposition, Sub Zero also produced a document entitled "Assignment of Patent Rights" effective the same March 15, 2016 date as the "Agreement." *See* Assignment of Patent Rights, attached hereto as Ex. D. In this document, Sub-Nitro, as purported assignor of the Patents at Issue, purported to assign to Sub Zero "all right, title, and interest to enforce" the Patents at Issue against only the three Defendants in this case. *See id*. Mr. Hancock further testified that he gathered these documents in response to Defendants' discovery requests, and turned them over to counsel. *See* Excerpts of 30(b)(6) Deposition, attached hereto as Ex. E, at p. 11. Yet, these documents were not timely produced, and were only produced during the second day of depositions.

There is no record or testimony of any purported assignment of the '566 Patent to Sub Zero prior to March 15, 2016. Mr. Hancock confirmed at the March 23, 2017 deposition that he had personally assigned the '566 Patent to Sub Nitro. With respect to the '868 Patent, during the March 23, 2017 corporate representative deposition, Mr. Hancock stated that as of March 15, 2016, Mr. Kennedy was the owner of the '868 Patent, had the power to assign the '868 Patent to Sub-Nitro, and that Sub Zero was not the holder of the '868 Patent at the time of the March 15, 2016 assignment. *Id.* at p. 98-99. Furthermore, Mr. Hancock stated that he believed paragraph 26 of the Amended Complaint, stating Sub Zero Franchising is the owner of the right to enforce the '868 Patent against Defendants by assignment, is referring to Sub Nitro rather than Sub Zero Franchising. *Id.* at p. 13. There is no reference to Sub Nitro in either the original or Amended Complaint.

Also included in these documents produced were cease and desist letters sent by Sub Zero's counsel.  A letter to Ryan Goudelocke, dated May 19, 2016, sent on behalf of Sub Zero Franchising, states "Sub Zero has partnered with Sub-Nitro, LLC and Rob Kennedy of NitroCream, LLC […] Through this partnership, Sub-Nitro owns and licenses United States Patent No. 8,679,566 […] and United States Patent No. 7,455,868 […]."  *See* Goudelocke letter, attached hereto as Ex. F.  Additionally, a letter to Winecream sent on behalf of Sub-Nitro, dated July 29, 2016 states that "Sub-Nitro, LLC owns the right to enforce certain patents directed to making ice cream using liquid nitrogen, including [the Patents at Issue]."  *See* Winecream letter, attached hereto as Ex. G.

Finally, there are no assignment records at the U.S. Patent and Trademark Office ("USPTO") for the '566 Patent, which was issued to Jerry Hancock individually, *see* Ex. H, and there is only one recorded assignment at the USPTO for the '868 Patent from one inventor to the other.  *See* Ex. I.  The sole assignment recorded for the '868 Patent at the USPTO provides that inventor John Beckmyer assigns his entire and exclusive right, title, and interest in the invention entitled "Apparatus and Method for Making Ice Cream Products" (which issued as the '868 Patent) to Rob Kennedy.  Ex. J.  Mr. Hancock further testified that he is not aware of any other assignments of either of the Patents at Issue.  Ex. E, p. 111.

## ARGUMENT

A.  **LEGAL STANDARD**

The Tenth Circuit deals with allegations of lack of standing under Rule 12(b)(1). *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224-25 (10th Cir. 2012) ("Our court has repeatedly characterized standing as an element of subject matter jurisdiction."). Motions to dismiss for lack of subject matter jurisdiction may "challenge [] the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Where a party challenges the facts upon which subject matter jurisdiction depends "a district court may not presume the truthfulness of the complaint's factual allegations." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion." *Id*. (citations omitted).

"Before a court may exercise jurisdiction over a patent infringement action, it must be satisfied that, 'in addition to Article III standing, the plaintiff also possesse[s] standing as defined by § 281 of the Patent Act.'" *Drone Techs. v. Parrot S.A.*, 838 F.3d 1283, 1292 (Fed. Cir. 2016) (quoting *Alps S., LLC v. Ohio Willow Wood Co.*, 787 F.3d 1379, 1382 (Fed. Cir. 2015)). Under § 281 "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281 (2012). The term "patentee" is not limited to the patentee to whom the patent issued, but also includes successors in title to the patentee." 35 U.S.C. § 100(d). A party may become the successor to an original patentee by assignment. *See* 35 U.S.C. §261, ¶ 2. Once a successor in title, a party "may sue for infringement in its own name." *Drone Techs.*, 838 F.3d. at 1292. Where a Plaintiff holds less than "all substantial rights" to the patent it lacks constitutional

1

standing. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340-41 (Fed. Cir. 2007). Sub Zero lacks standing with respect to either of the Patents at Issue.

**B.     SUB ZERO LACKS STANDING TO ASSERT THE '566 PATENT.**

As of the date of the original Complaint on November 19, 2015, Sub Zero was not the assignee of the '566 Patent, and lacked constitutional standing to assert a claim for infringement. Accordingly, this claim must be dismissed.

"Standing to sue is a threshold requirement in every federal action . . . [and] **must be present at the time the suit is brought**." *Sicom Sys. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005) (emphasis added). Furthermore, it is the burden of the party bringing the action to establish that it has standing. *Id.* at 976. Moreover, "[i]n the area of patent infringement . . . **if the original plaintiff lacked Article III initial standing, the suit must be dismissed**, and the jurisdictional defect cannot be cured by the addition of a party with standing . . ., **nor by the subsequent purchase of an interest in the patent in suit**." *Schrieber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citing *Paradise Creations, Inc. v. U V Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003); *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 780 (Fed. Cir. 1996)) (emphasis added).

Sub Zero was not the assignee of the '566 Patent when it asserted its claim for infringement on November 19, 2015. Plaintiff asserted in the Original Complaint that "Sub Zero is the owner of the right to enforce the '566 Patent against the Defendants by assignment." DN 2, ¶¶ 21, 46. However, as evidenced by the documents produced and the depositions of Mr. Hancock, there was no basis for that statement in the Complaint. *See* Ex. E. p. 13, 98-99. No documents related to any purported assignment prior to March 15, 2016 were produced, and Mr. Hancock testified that he was unaware of any other assignments of the '566 Patent or the '868

2

Patent, other than those discussed in the deposition. There is absolutely no evidence that Sub Zero was the assignee of the '566 Patent on November 19, 2015. Accordingly, this claim must be dismissed for lack of standing.

C.   **THE PURPORTED ASSIGNMENT TO SUB ZERO OF THE '566 PATENT CANNOT CONFER STANDING, AND SUB ZERO DOES NOT HAVE STANDING TO ASSERT ANY CLAIM FOR INFRINGEMENT OF THE '868 PATENT.**

Through the March 15, 2016 Assignment, Sub Nitro purported to assign limited rights in the Patents at Issue to Sub Zero – namely the right to sue only the three Defendants in this lawsuit. Such an assignment is invalid for standing purposes as a matter of law. Initially, as set forth above, the purported after-the-fact assignment of the '566 Patent to Sub Zero – even if otherwise a valid assignment – cannot cure that Sub Zero lacked constitutional standing to assert its claim for infringement of the '566 Patent when it asserted this claim in the original Complaint. Accordingly, this claim must be dismissed. *Schrieber Foods*, 402 F.3d at 1203 (if the original plaintiff lacked standing, the case must be dismissed, and cannot be cured). Moreover, the purported assignment of limited rights in the '868 Patent to Sub Zero is invalid, and did not confer standing on Sub Zero to assert its claim for infringement of the '868 Patent when it filed the Amended Complaint.

As stated previously, plaintiffs that "hold less than all substantial rights to the patent […] lack constitutional standing." *Morrow*, 499 F.3d at 1340-41. More specifically, it is an established rule that for a patent, "transferring only the right to sue for past damages, divorced from title, is not enough to give the owner of that right standing under the Patent Act." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1033 (Fed. Cir. 2015); *see also Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1372 (Fed. Cir. 2008) ("[T]he transfer of the right to sue for

3

past infringement divorced from title creates a risk of unnecessary third-party litigation, whether or not the patent has expired."); *Crown Die & Tool v. Nye Tool & Machine Works*, 261 U.S. 24, 44 (1923) ("If the owner of the patent when the infringements took place has assigned his patent to one, and his claims for damages for infringement to another, then the latter cannot sue at law at all but must compel his assignor of the claims to sue for him.").

In the March 15, 2016 document entitled "Assignment of Patent Rights" Sub-Nitro purported to assign "all right, title, and interest to enforce the Patent Rights against Frank Nye Consulting, LLC, Frank Nye, and Allison [sic] Nye" to Sub Zero Franchising. Ex. D. This is insufficient to confer standing to assert the '868 Patent. The document transfers only the right to enforce the '868 Patent against Defendants to Sub Zero, and divorces the right to enforce against a particular party from title and the remaining bundle of rights (e.g., the ability to (a) license or sublicense the patent, (b) practice the patented method, or (c) sue other accused infringers). There is absolutely no support for the proposition that a patent owner may hand out various and conflicting rights to different parties for the purposes of individual lawsuits. Indeed, since the purported assignment, Sub Nitro has asserted its purported rights under the Patents at Issue to threaten lawsuits against other alleged infringers. *See* Exs. F, G. It is an established rule that the type of assignment executed by Sub Nitro and Sub Zero is insufficient to give the purported assignee of such a right, here Sub Zero, standing to sue for infringement under the Patent Act. *See Keranos, LLC.*, 797 F.3d at 1033. Therefore, the purported assignment of the right to enforce the '868 Patent against the Defendants to Sub Zero is invalid, and does not cure Sub Zero's lack of standing to assert this patent. Sub Zero's claim for infringement of the '868 Patent must be dismissed.

4

**D. SUB ZERO'S PATENT INFRINGEMENT CLAIMS SHOULD BE DISMISSED WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION.**

"[O]rdinarily, dismissal for lack of standing is without prejudice. On occasion, however, a dismissal with prejudice is appropriate, especially where it is plainly unlikely that the plaintiff will be able to cure the standing problem." *Fieldturf, Inc. v. Sw. Rec. Indus.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004) (internal quotation marks and citations omitted). In *Nat'l Oilwell Varco, L.P.*, the Federal Circuit affirmed a dismissal with prejudice of a case where the plaintiff "did not present a consistent picture of ownership of the [patent at issue] through the 1) USPTO records, 2) this case" and other cases involving the plaintiff and the patent at issue. *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. 2015-1406, 2017 U.S. App. LEXIS 1292 (Fed. Cir. Jan. 25, 2017). Further, as set forth above, "[i]n the area of patent infringement . . . **if the original plaintiff lacked Article III initial standing, the suit must be dismissed**, and the jurisdictional defect cannot be cured by the addition of a party with standing . . ., **nor by the subsequent purchase of an interest in the patent in suit**." *Schrieber Foods, Inc.*, 402 F.3d 12 1203 (emphasis added).

Here, Sub Zero cannot cure its lack of standing. Sub Zero has not simply failed to "present a consistent picture of ownership of the [Patents at Issue]," it has presented no evidence that it was validly assigned either of the Patents at Issue. It asserted claims for infringement of both the '868 Patent and the '566 Patent at times when it did not have standing to sue for infringement of either patent. As of the filing of the original Complaint, despite the statements in the Complaint, Mr. Hancock was apparently the owner of all right, title and interest in the '566 Patent. This is confirmed by the USPTO assignment records. Ex. H. Accordingly, this claim must be dismissed with prejudice.

As of the filing of the Amended Complaint, Sub Nitro – or more likely Rob Kennedy, given the likely invalid assignment to Sub Nitro of rights in the '868 Patent only for purposes of general litigation (*see* Ex. C) – was the assignee of the '868 Patent.  This is also confirmed by the USPTO assignment records showing Mr. Kennedy as the assignee of the '868 Patent.  Ex. I.  Sub Zero's own counsel asserted in multiple letters after the purported March 15, 2016 assignment to Sub Zero that "*Sub-Nitro owns and licenses United States Patent No. 8,679,566 […] and United States Patent No. 7,455,868 […].*"  Ex. G (emphasis added) and that "Sub-Nitro, LLC owns the right to enforce certain patents directed to making ice cream using liquid nitrogen, including U.S. Patent No. 7,455,868 to Kennedy et al. and U.S. Patent No. 8,679,566 to Hancock."  Ex. F.  The later of these two letters was sent just two and a half weeks before Plaintiff asserted in the Amended Complaint that Sub Zero is the owner of the right to enforce the '868 Patent against Defendants by assignment.  DN 17, ¶¶ 21, 26, 49, 56.

Further weighing in favor of a dismissal with prejudice, Defendants have been forced to defend against these claims for over a year as a direct result of the baseless statements in the Complaint and Amended Complaint that Sub Zero was the owner of the Patents at Issue by assignment, and as a further direct result of Sub Zero's dilatory tactics and failure to timely produce documents related to the purported assignment of rights and ownership of the Patents at Issue.  Had Sub Zero timely produced documents in compliance with the Scheduling Order – or had it not made baseless allegations of ownership in the Complaint or Amended Complaint – Defendants would have been aware of, and raised these issues, long ago.

Sub Zero lacked standing to assert either claim when initially filed.  It further forced Defendants to engage in discovery, depositions, and over a year of litigation before revealing this lack of standing.  A dismissal with prejudice is warranted.

6

## **CONCLUSION**

For the forgoing reasons, Defendants' Motion to Dismiss Sub Zero's claims for infringement of the Patents at Issue pursuant to Fed. R. Civ. P. 12(b)(1) should be granted.


Dated:  March 29, 2017                                      Respectfully submitted,

/s/ *Robert J. Theuerkauf*
Robert J. Theuerkauf (KY 89068) (*pro hac vice*)
rtheuerkauf@middletonlaw.com
Daniel W. Redding (KY 93234) (*pro hac vice*)
dredding@middletonlaw.com
MIDDLETON REUTLINGER
401 South Fourth Street - Suite 2600
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Fax: (502) 561-0442

H. Dickson Burton (4004)
hdburton@traskbritt.com
Daniel Bezdjian (14597)
djbezdjian@traskbritt.com
TRASKBRITT, PC
P.O. Box 2550
230 South 500 East, Suite 300
Salt Lake City, Utah 84110
Telephone:  (801) 532-1922

*Attorneys for Defendants Frank Nye Consulting, LLC d/b/a The Arctic Scoop, Frank Nye, Individually, and Alison Nye, Individually*

INDEX TO EXHIBITS

DEFENDANTS' MOTION TO DISMISS

| | |
|---|---|
| Exh. A: | Defendants' First Set of Interrogatories and Requests for Production of Documents of February 8, 2017 |
| Exh. B: | Excerpts of the deposition transcript of Jerry Hancock |
| Exh. C: | Agreement between Sub-Nitro, LLC and Jerry Hancock and Rob Kennedy dated March 15, 2016 |
| Exh. D: | Assignment of Patent Rights dated March 15, 2016 |
| Exh. E: | Excerpts of the 30(b)(6) deposition transcript of Sub Zero Franchising |
| Exh. F: | Letter from Michael F. Krieger to Ryan Goudelocke dated May 19, 2016 |
| Exh. G: | Letter from Michael F. Krieger to Winecream dated July 29, 2016 |
| Exh. H: | PAIR Assignment Record for 8,679,566 |
| Exh. I: | PAIR Assignment Record for 7,455,868 |
| Exh. J: | Beckmyer Assignment '868 Patent |

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2017, a true and correct copy of the foregoing **MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** was filed using CM/ECF, and was served via electronic mail on the following:

Michael F. Krieger
Adam D. Stevens
Kirton McConkie
60 East South Temple, Suite 1800
Salt Lake City, Utah 84111
mkrieger@kmclaw.com
astevens@kmclaw.com

>            */s/ Robert Theuerkauf*
>                Robert Theuerkauf