Michael F. Krieger, mkrieger@kmclaw.com, (#5984)
Adam D. Stevens, astevens@kmclaw.com, (#10986)
        Attorneys for Sub Zero Franchising, Inc.

**KIRTON | McCONKIE**
36 South State Street, #1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Fax: (801) 321-4893

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUB ZERO FRANCHISING, INC., a Utah corporation, | Civil Action No. 2:15-cv-00821-BSJ |
| Plaintiff, | Judge Bruce S. Jenkins |
| v. | **SUB ZERO FRANCHISING, INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS** |
| FRANK NYE CONSULTING LLC, d/b/a THE ARCTIC SCOOP, a Kentucky limited liability company, | |
| Frank Nye, an individual, and | |
| Allison Nye, an individual, | |
| Defendants. | |

Plaintiff Sub Zero Franchising, Inc. ("Sub Zero"), through counsel, hereby submits its opposition to Defendants Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927[1] (the "Motion").

---

[1] *See* DN 52.

## INTRODUCTION

Defendants filed the Motion seeking imposition of attorneys' fees and expenses as sanctions against Kirton McConkie and Sub Zero, but failed to substantiate their attorneys' fees or expenses, and further failed to make any showing whatsoever that the alleged attorneys' fees and expenses were reasonable, as required by both Rule 11 of the Federal Rules of Civil Procedure[2] and 28 U.S.C. § 1927. This failure, attributable solely to Defendants, prevents the Court from performing the analysis necessary to determine whether the sought-after fees and expenses were reasonable, and further deprives Kirton McConkie and/or Sub Zero of the opportunity to address the reasonableness of Defendants' request for fees and expenses. For this reason alone, Defendants' motion should be denied in its entirety.

While Rule 11 and 28 U.S.C. § 1927 both grant the Court discretion to impose sanctions for litigation misconduct, such discretion is not unfettered. Rule 11 requires that such sanctions be limited to an amount sufficient to deter repetition of the complained-of conduct. Additionally, Rule 11 only permits recovery of *reasonable* attorneys' fees and expenses directly resulting from the violation, and does not apply to discovery or other violations governed by Rules 26 through 37. Rule 11 is further limited in that any award under Rule 11 must be limited to the minimum necessary to deter future violations.

Defendants have not shown that the conduct of Kirton McConkie is sanctionable under Section 1927. 28 U.S.C. § 1927 requires that conduct to be sanctioned vexatiously multiplies the proceedings. Imposition of sanctions under Section 1927 requires a showing that the conduct to be sanctioned is more severe than mere negligence, inadvertence, or incompetence. Because Defendants have not satisfied such a showing, an award of fees under Section 1927 is unwarranted.

Furthermore, Defendants have not shown that they acted reasonably to mitigate the

---

[2] "Rule 11." Each Rule of the Federal Rules of Civil Procedure referred to herein is referred to hereafter simply by "Rule."

alleged harm to Defendants as a result of the complained-of conduct. Reasonable mitigation of damages is a required consideration under both Rule 11 and Section 1927. Defendants' own evidence shows that they were aware of the conduct for which they now seek sanctions long before they sought to dismiss the action or seek sanctions. Accordingly, any sanctions awarded to Defendants must be limited to the amount Defendants could not have avoided by acting promptly on discovering the conduct complained of herein.

## RELEVANT FACTUAL BACKGROUND

1.     Kirton McConkie was first contacted by Mr. Hancock with respect to engaging in representing Sub Zero in its intellectual property enforcement efforts in August 2015.[3]

2.     In the communications between Kirton McConkie, Mr. Hancock represented that Sub Zero owned U.S. Patent No. 8,679,566 (the "'566 Patent").[4]

3.     As part of Kirton McConkie's due diligence with respect to the proposed engagement, Kirton McConkie attorneys reviewed the '566 Patent, its prosecution history, and its claims, and made a determination as to the scope of the claims of the '566 Patent.[5]

4.     Kirton McConkie attorneys also reviewed the assignment records for the '566 Patent and the methods used by Sub Zero's franchisees to make ice cream products, and discovered no information that contradicted Mr. Hancock's representation that Sub Zero was the owner of the '566 Patent; in fact, Kirton McConkie attorneys verified that Sub Zero and its franchisees appeared to be practicing the methods protected by the '566 Patent.[6]

5.     Mr. Hancock has identified several parties as potential infringers of the '566 Patent, and Kirton McConkie has reviewed the methods and processes used by the potential infringers identified by Mr. Hancock.[7] Kirton McConkie has at times held the opinion that a

---

[3] Declaration of Michael F. Krieger ("Krieger Decl.") at ¶ 2.
[4] *Id.*
[5] Krieger Decl. at ¶ 4; Declaration of Adam D. Stevens ("Stevens Decl.") at ¶ 4.
[6] Krieger Decl. at ¶ 5; Stevens Decl. at ¶ 5.
[7] Krieger Decl. at ¶¶ 6-7; Stevens Decl. at ¶¶ 6-7.

potential infringer identified by Mr. Hancock does not infringe any claim of the '566 Patent, and no legal action has been taken against such parties.[8]

6.      Prior to filing the Complaint in this action, Kirton McConkie reviewed videos of the Defendants' methods for making ice cream, and determined that they were using a method protected by several of the claims of the '566 Patent.[9]

7.      Also prior to filing the Complaint in this action, Kirton McConkie received from Mr. Hancock a description of information deemed by Sub Zero to be confidential and trade secret information and reviewed with Mr. Hancock the measures used by Sub Zero to protect its confidential and trade secret information.[10] Kirton McConkie also reviewed the 2013 confidentiality and nondisclosure agreement (NDA) between Sub Zero and Frank and Alison Nye (DN 2-1) and received from Mr. Hancock information regarding Sub Zero's interactions with the Nyes in conjunction with the NDA, their investigation into entering into a franchisee relationship with Sub Zero and eventual cessation of negotiations with Sub Zero, and Defendants' opening the store operating as the Arctic Scoop shortly thereafter.[11]

8.      Before the Amended Complaint was filed asserting that Defendants were infringing U.S. Patent No. 7,455,868 (the "'868 Patent"), Kirton McConkie reviewed the specification, claims, and prosecution history of the '868 Patent and determined that the patent was valid and enforceable over the prior art of which Kirton McConkie was aware.[12]

9.      Kirton McConkie also reviewed Defendants' methods for making ice cream and determined based on its claim construction position that Defendants were practicing methods protected by one or more claims of the '868 Patent.[13]

---

[8] Krieger Decl. at ¶ 7; Stevens Decl. at ¶ 7.
[9] Krieger Decl. at ¶¶ 8-9; Stevens Decl. at ¶¶ 8.
[10] Krieger Decl. at ¶ 11; Stevens Decl. at ¶ 11.
[11] Krieger Decl. at ¶ 10; Stevens Decl. at ¶¶ 10, 12.
[12] Krieger Decl. at ¶ 14; Stevens Decl. at ¶ 13.
[13] Krieger Decl. at ¶ 15; Stevens Decl. at ¶ 16.

10.     Since this action has been pending, Kirton McConkie has reviewed all prior art identified by the Defendants, and has reviewed Defendants contentions regarding the alleged inequitable conduct and invalidity of the '566 Patent and the '868 Patent.[14] Kirton McConkie's opinion regarding the validity and enforceability of the '566 Patent and the '868 Patent has not changed as a result of such review.[15]

11.     In depositions, both Jason and Melissa Barth, Sub Zero franchisees and area developers, testified that they freely shared information with the Nyes, providing a tour and disclosing significant information regarding operation of a Sub Zero franchise store.[16] Jason Barth specifically testified that significantly more information was disclosed to the Nyes than they would normally disclose when no NDA was in place.[17]

12.     The first time Kirton McConkie learned that Sub Zero may not have actually owned the '566 Patent at the time of filing the original Complaint was at the depositions of Mr. Hancock in March 2017.[18]

13.     The first time Kirton McConkie learned that Mr. Hancock was sharing some of the information identified by him as being Sub Zero confidential and trade secret information with third parties not under obligations of an NDA was also at Mr. Hancock's depositions, when counsel for Defendants played video of Mr. Hancock discussing such information in a recorded and publicly available presentation.[19] Defendants had not produced that video previously.[20]

14.     Kirton McConkie never had any intention of hiding information from Defendants or prolonging this litigation other than to seek legitimate vindication of rights believed to belong

---

[14] Stevens Decl. at ¶ 14-15.
[15] *Id.*
[16] Ex. A, Jason Barth Depo. at pp. 35-41; Ex. B, Melissa Barth Depo. at pp. 37-40.
[17] Ex. A at 35:24-36:3, 39:4-13, 40:7-41:1
[18] Krieger Decl. at ¶ 16; Stevens Decl. at ¶ 17.
[19] Krieger Decl. at ¶ 17; Stevens Decl. at ¶ 18.
[20] *Id.*

to Sub Zero.[21]

15.    Despite the dismissal of the patent infringement claims on standing grounds, Kirton McConkie remains of the opinion that Defendants are infringing the '566 Patent and the '868 Patent.[22]

16.    Neither Sub Zero nor Kirton McConkie has initiated litigation against any party other than Defendants alleging infringement of the '566 Patent or the '868 Patent.

---

[21] Krieger Decl. at ¶¶ 18-19; Stevens Decl. at ¶ 19-20.
[22] Krieger Decl. at ¶ 20; Stevens Decl. at ¶ 21.

**ARGUMENT**

I. **As the Movants for Sanctions Under Rule 11 and 28 U.S.C. § 1927, Defendants Failed to Meet Their Burden of Establishing the Reasonableness of the Requested Fees.**

Defendants' request for sanctions under Rule 11 is unsupported and should therefore be denied. It is insufficient for Defendants to merely state a request for attorneys' fees or even "reasonable" attorneys' fees; the court must be able to consider, "among other things, the reasonableness of any fee request pursuant to the lodestar method." *Fuentes v. Kroenke Sports & Entertainment, LLC*, Civ. Action No. 13-cv-02481-PAB-CBS, 2014 WL 4477946 at *5 (D. Colo. Sept. 11, 2014) (citing *White v. General Motors Corp., Inc.*, 908 F.2d 675, 684 (10th Cir. 1990) and *Wasko v. Moore*, 122 F.Appx. 403, 407 (10th Cir. 2005) (applying rule from *White* to revised version of Rule 11)). Courts have determined that it is the fee applicant's burden to establish, by clear and convincing evidence, the amount of a reasonable attorneys' fee under the circumstances. *Guidry v Clare*, 442 F. Supp. 2d 282, 293 (E.D. Va. 2006). Even if a fee applicant articulates what it believes to be sanctionable conduct, if it does not provide a basis for the court to evaluate the reasonableness of the fee request, denial of the motion under Rule 11 is proper. *See* Fed.R.Civ.P. 11(c)(6) ("An order imposing a sanction must describe the sanctioned conduct *and* explain the basis for the sanction.") (emphasis added); *see also* Fed.R.Civ.P. 11, adv. cmt. notes on the 1993 Amendments ("Any... award [of attorney's fees] to another party... should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation of the certification requirement.").

Here, the Defendants have not provided any basis under which the Court can perform the evaluation mandated by the Tenth Circuit in *White*. Instead, Defendants assert that they will "submit proof of such reasonable fees and expenses upon an aware from this Court." (DN 52, pp. vii & 19.) Failure to provide support for a fee request fails to apprise the Court of the precise relief sought, prevents the Court from performing the "usual first step" (*White*, 908 F.2d at 684)

necessary for determining appropriate monetary sanctions, and deprives Sub Zero and Kirton McConkie of an opportunity to address the reasonableness of the requested relief. Accordingly, because such a failure prevents the Court from determining whether an award of attorneys' fees is the most appropriate sanction in light of the alleged violation, the Court should deny Defendants' request for sanctions under Rule 11.

Similarly, because Defendants failed to support their request for sanctions under 28 U.S.C. § 1927, their request for sanctions should be denied as unsupported. Both Rule 11(c)(4) and 28 U.S.C. § 1927 include similar language granting the Court discretion in awarding "reasonable" expenses and/or attorneys' fees. Rule 11(c)(1) states that the Court "may" impose an appropriate sanction, and Rule 11(c)(4) states that the Court's sanction "*may* include . . . an order directing payment to the movant or part or all of the *reasonable* attorney's fees and other expenses directly resulting from the violation." (Emphasis added). 28 U.S.C. § 1927 recites that the attorney who unreasonably and vexatiously multiplies the proceedings "*may* be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees *reasonably* incurred because of such conduct." (Emphasis added.) Accordingly, because the language of 28 U.S.C. § 1927 substantially mirrors the language of Rule 11, similar requirements should be applied to Defendants' request for sanctions under 28 U.S.C. § 1927. Neither the Court nor Kirton McConkie has been provided with a basis to evaluate and/or refute any alleged reasonableness of the requested attorneys' fees.

Because Defendants failed to support their request for reasonable attorneys' fees under Rule 11 or 28 U.S.C. § 1927, Defendants' request and Motion should be denied in its entirety.

## II.    While the Court Has Discretion to Impose Sanctions Under Rule 11 and 28 U.S.C. § 1927, Such Discretion Is Not Unfettered.

Defendants mischaracterize the import of Rule 11 by citing to and quoting from Tenth

Circuit cases dealing with Rule 11 violations that occurred under a prior version of the Rule.[23] The version of Rule 11 prior to the 1993 amendments required imposition of sanctions. Fed. R. Civ. P. 11 (1983) ("If a pleading, motion, or other paper is signed in violation of this rule, the court . . . *shall* impose . . . an appropriate sanction.") (emphasis added). Rule 11 was amended in 1993 to grant discretion to the Court regarding whether to impose a sanction in the first place, and to determine the appropriate sanction, if imposed. Fed. R. Civ. P. 11(c)(1) (1993) ("If . . . the court determines that Rule 11(b) has been violated, the court *may* impose an appropriate sanction") (emphasis added). Any sanction under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Furthermore, Rule 11 is expressly not applicable to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37, which provide their own remedies. Fed. R. Civ. P. 11(d).

Defendants have provided no analysis regarding what sanction, if any, would be an appropriate deterrent under Rule 11 against repetition of the conduct complained of in the Motion, even assuming such a sanction were appropriate. While Defendants note Mr. Hancock's expressed desire to monopolize the industry and sue multiple infringers, it should be noted that they have not alleged that Sub Zero or Kirton McConkie have fraudulently initiated multiple lawsuits against numerous parties or otherwise repeated the conduct complained of in the Motion. Indeed, they could not, as neither Sub Zero nor Kirton McConkie has initiated any litigation against any party for infringement of the '566 Patent or the '868 Patent outside of the current litigation.[24] The patent infringement action against Defendants has already been dismissed,[25] representing a significant sanction already imposed against Sub Zero and Kirton

---

[23] *See Adamson v. Bowen*, 855 F.2d 668 (10th Cir. 1988); *White v. General Motors Corp., Inc.*, 908 F.2d 675 (10th Cir. 1990)
[24] *See* Krieger Decl. at ¶ 20; Stevens Dec. at ¶ 21.
[25] *See* DN 46.

McConkie.

Courts that have imposed monetary sanctions based on Rule 11 motions requesting attorneys' fees have often limited the fees awarded to the cost of bringing the relevant motion to address the Rule 11 violation (in this case Defendants' motion to dismiss[26]). This was the remedy granted in several cases cited by Defendants, including *Homecare CRM, LLC v. Adam Group, Inc. of Mid. Tenn.*, 952 F. Supp. 2d 1373, 1386 (N.D. Ga. 2013), *Carl Zeiss Vision Int'l GMBH v. Signet Armorlite, Inc.*, 2009 WL 10668689, No. 07-cv-0894, at *4 (S.D. Cal. Mar. 17, 2009) (imposing costs of investigating and litigating standing issue while refusing to impose greater sanction of dismissal with prejudice), and *Clark v. The Walt Disney Co.*, 748 F. Supp. 3d 792, 803 (S.D. Ohio 2010). In the absence of any showing by Defendants regarding what would be an appropriate sanction for the alleged Rule 11 violations, Sub Zero and Kirton McConkie respectfully submit that the claim dismissal already imposed already represents a sufficient deterrent against repetition of conduct that has not been shown to be likely to occur again, and alternatively submit that case law indicates that the amount of fees incurred in preparing and litigating the motion to dismiss the patent claims represents a maximum limit on applicable Rule 11 sanctions.

Nevertheless, Sub Zero and Kirton McConkie respectfully note that Defendants have failed to substantiate in any way the attorneys' fees or expenses allegedly incurred in respect to such motion, and that it would be inappropriate to impose a sanction for any attorneys' fees when Defendants have not alleged any amount of fees or shown that the fees and expenses incurred with respect to such action were reasonable.

Courts require parties seeking sanctions under Rule 11 or Section 1927 to mitigate or minimize their damages as part of the determination of a reasonable sanction to impose. *See White*, 908 F.2d at 684 (Rule 11); *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1204

---

[26] *See* DN 36.

(10th Cir. 2008) (28 U.S.C. § 1927); *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080, 1092 (3d Cir. 1988) ("Although Rule 11 sanctions are designed to deter frivolous lawsuits, the victim of a frivolous lawsuit is charged with a duty to mitigate, using reasonable means to terminate the litigation and to prevent the costs of that frivolous suit from becoming excessive.").

Defendants were well aware that Sub Zero and Kirton McConkie had not produced any assignment documents relating to ownership of the '566 Patent or the '868 Patent long before the sequence of events that resulted in Defendants' motion to dismiss the patent claims.[27] Defendants communicated regarding the failure to produce such documents at least on November 11, 2016,[28] December 13, 2016,[29] January 6, 2017,[30] January 19, 2017,[31] and February 6, 2017.[32] Defendants' also expressed their knowledge of their right to proceed on the basis that Sub Zero did not have any documents responsive to the categories in Local Patent rule 2.2(a).[33] Rule 37(c)(1) provides the appropriate remedy for a failure to provide information required in initial disclosures, namely, that the party failing to disclose information cannot rely on the undisclosed information in the case. Accordingly, Defendants could have proceeded to file their motion to dismiss the patent infringement claims[34] long before they actually did so. *See Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed. Cir. 1993) (Ownership of patent initially vests in the named inventors of the patent.). Defendants should not now be permitted under Rule 11 or Section 1927 to seek recovery for attorneys' fees or expenses incurred after they knew or should have known of their right to seek dismissal of the patent claims for lack of standing.

---

[27] *See* DN 36.
[28] *See* DN 52-18 at p. 3.
[29] *See* DN 52-18 at p. 2.
[30] *See* DN 52-18 at p. 1.
[31] *See* DN 52-18 at p. 1.
[32] *See* DN 52-19 at p. 1.
[33] *See* DN 52-19 at p. 1.
[34] *See* DN 36.

Furthermore, Rule 11(d) expressly prohibits recovery on a Rule 11 motion for violation of a party's discovery obligations.

For these reasons, the Court should exercise its discretion and decline to award damages to Defendants under Rule 11 or 28 U.S.C. § 1927. The actions of Sub Zero and/or Kirton McConkie complained of should have been addressed under the Rules governing discovery, Rules 26-37, and recovery for any such violations is accordingly expressly prohibited by Rule 11(d). Defendants also have not made any showing under Rule 11 as to what sanction is appropriate to deter the conduct complained of in the Motion. In the absence of such a showing, the Court should find that the sanction already imposed, of dismissal of the patent infringement action against Defendants, is sufficient sanction to prevent Sub Zero or Kirton McConkie from engaging in the conduct complained of in the Motion. In the event the Court elects to impose additional sanctions under Rule 11 or Section 1927, any such sanction should be limited by Defendants' obligation to mitigate their damages by acting promptly and not incurring unnecessary fees or expenses on claims they knew were without merit. In the event the Court imposes a further sanction on Sub Zero or Kirton McConkie under Rule 11 beyond the already-imposed dismissal sanction, such sanction must be limited to the amount necessary to deter future misconduct, and prior case law suggests that a reasonable measurement of such a sanction is the reasonable fees incurred in litigating the motion to dismiss.

### III.   Defendants Have Not Shown a Rule 11 Violation with Respect to the Complaint, and Much of Defendants' Arguments Are Irrelevant to the Grounds on Which the Patent Causes of Action Were Dismissed.

Defendants assertions that Kirton McConkie failed to conduct a reasonable investigation prior to filing the Complaint in this action lack sufficient basis. "[An] attorney is entitled to rely on the objectively reasonable representations of the client" under the current view of Rule 11. *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329-1330 (2d Cir. 1995) (reversing sanctions order even though client's representations proved untrue, because there was

evidentiary support at the time of filing. In the current case, Kirton McConkie's client representative, Mr. Hancock, represented to Kirton McConkie that the '566 Patent was owned by Sub Zero, and upon a reasonable investigation, Kirton McConkie determined that there were no recorded transfers of ownership that would contradict Mr. Hancock's information and that it appeared that Sub Zero was acting as an owner of the patent would act, practicing the methods protected by the '566 Patent and allowing its franchisees to practice such methods. Accordingly, Kirton McConkie acted reasonably in representing Sub Zero's ownership of the '566 Patent on signing and filing the original Complaint.

Similarly, with respect to the alleged NDA violation and trade secret misappropriation asserted in the original Complaint, Kirton McConkie was entitled to rely on the representations of its client, especially when it appeared that significant information that would not normally be disclosed in the absence of an NDA was in fact disclosed to Defendants in an extensive tour and interview provided by Sub Zero franchisees Jason and Melissa Barth. (Exs. 1 and 2.)

Importantly, the Court should grant little import to Defendants' previous Rule 11 communications (DNs 52-10, 52-12 and 52-16) do not relate to the grounds on which the patent infringement causes of action against Defendants were dismissed. The parties have not presented their claim construction positions to the Court, and there has been no determination that Sub Zero's claim construction position was objectively unreasonable.

Defendants further have not shown that the conduct of Kirton McConkie is sanctionable under Section 1927. 28 U.S.C. § 1927 requires that conduct to be sanctioned vexatiously multiplies the proceedings. Imposition of sanctions under Section 1927 requires a showing that the conduct to be sanctioned is more severe than mere negligence, inadvertence, or incompetence. Instead, there must be a showing that the attorney acted "recklessly or with indifference to the law." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). Because Defendants have not satisfied such a showing, an award of fees under Section 1927 is

unwarranted.

## **CONCLUSION**

For the foregoing reasons, Sub Zero respectfully requests that the Court deny Defendants' Motion for Sanctions in its entirety, or in the alternative limit the sanctions imposed based on the considerations set forth herein.

DATED this 25th day of September, 2017.

KIRTON & McCONKIE

By: _/s/Adam D. Stevens_____
       Michael F. Krieger
       Adam D. Stevens

Attorneys for Plaintiff
SUB ZERO FRANCHISING, INC.

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on the 25th day of September, 2017, the foregoing was filed via

the Court's CM/ECF electronic filing system, which sent automatic electronic notification to:

TRASKBRITT PC
H. Dickson Burton
230 S 500 E #300
PO Box 2550
Salt Lake City, Utah 84110
hdburton@traskbritt.com

MIDDLETON REUTLINGER
Robert J. Theuerkauf
Daniel W. Redding
401 S. Fourth St Ste 2600
Louisville, KY 40202
rtheuerkauf@middletonlaw.com
dredding@middletonlaw.com

*Attorneys for Defendants*

/s/Adam D. Stevens