## IN THE UNITED STATES DISTRICT COURT
## THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUB ZERO FRANCHISING, INC., a Utah corporation,<br><br>        Plaintiff/Counterclaim Defendant<br><br>v.<br><br>FRANK NYE CONSULTING, LLC, d/b/a THE ARCTIC SCOOP, a Kentucky limited liability company,<br>FRANK NYE, an individual, and ALISON NYE, an individual,<br><br>        Defendants/Counterclaimants | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS AND AWARDING ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>**Case No. 2:15-cv-00821-BSJ**<br><br>**Honorable Judge Bruce S. Jenkins** |

On November 15, 2017, the Court heard oral argument on Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 ("Motion") (DN 52). Having considered the Motion, the Response of Plaintiff Sub Zero Franchising, Inc. ("Sub Zero") (DN 53), Defendants' Reply (DN 56), and the memoranda and exhibits of the parties, as well as the arguments presented by Defendants and by counsel for Sub Zero ("Kirton McConkie") at the hearing, the Court ruled from the bench granting the Motion. The Court directed counsel for Defendants to prepare and submit a suggested form of order. The Court also directed counsel for Defendants to file a pleading as to the specific amount of attorneys' fees, costs, and expenses sought.

On November 29, 2017, counsel for Defendants submitted both a suggested form of order and Defendants' Application for Attorneys' Fees, Costs and Expenses ("Application") (DN 61). Kirton McConkie filed oppositions to both submissions (DN 67, 69), to which Defendants submitted a reply (DN 70).

An evidentiary hearing was held on February 6, 2018 to consider Defendants'

Application. H. Dickson Burton, Robert Theuerkauf, and Daniel Redding appeared on behalf of

Defendants. Richard Armstrong appeared on behalf of Kirton McConkie. The matter was

continued to February 9, 2018, where H. Dickson Burton and Daniel Redding appeared on behalf

of Defendants and Richard Armstrong appeared on behalf of Kirton McConkie.

Thereafter, with leave of the court, counsel for Defendants filed supplemental

declarations regarding attorneys' fees and costs incurred since Defendants originally submitted

their Application (DN 74, 75, 76), to which Kirton McConkie filed an opposition (DN 78).

Having considered Defendants' Motion, Application, and supplemental materials, the

responses thereto, the evidence presented, the arguments of counsel, the relevant law, and being

otherwise duly and sufficiently advised, IT IS HEREBY ORDERED:

    i.    Defendants' Motion is GRANTED, the Court finding that sanctions against

           Kirton McConkie pursuant to Fed. R. Civ. P. 11 ("Rule 11") and 28 U.S.C. §

           1927 are necessary and warranted.

    ii.    Sanctions against Kirton McConkie shall be in the form of Defendants'

           reasonable attorneys' fees, costs and expenses incurred in this case, as outlined in

           the Application and supplemental materials, in the total amount of $361,841.93.

## BASIS FOR SANCTIONS

The Court finds the following conduct by Kirton McConkie did not meet the standard of

a reasonable, competent attorney, and constituted violations of Rule 11:

Kirton McConkie violated Rule 11(b)(3) when it signed the original Complaint (DN 2)

asserting a cause of action against Defendants for infringement of U.S. Patent No. 8,679,566

("the '566 Patent"), including in alleging without basis that Sub Zero was the owner of the right

to enforce the '566 Patent by assignment. This allegation was without evidentiary support, and was not objectively reasonable. The Court further finds that such allegation was not based on a reasonable pre-suit investigation. Kirton McConkie disregarded any reasonable inquiry into the ownership or assignment of the '566 Patent, and asserted this claim for infringement without any objectively reasonable basis for the allegation that Sub Zero was the owner of the right to enforce the '566 Patent by assignment.

Kirton McConkie violated Rule 11(b)(2) and Rule 11(b)(3) when it signed the Amended Complaint (DN 17) asserting causes of action for infringement of the '566 Patent and U.S. Patent No. 7,455,868 ("the '866 Patent"), including in alleging without basis that Sub Zero was the owner of the right to enforce the '566 and '868 Patents by assignment. These allegations were without evidentiary support, and, to the extent such allegations were based upon the series of purported assignments (DN 52-5, 52-7) drafted by Kirton McConkie in March 2016, such assignments were legally invalid and any allegations based on such documents were not supported by existing law. The Court further finds that such allegations were not based on a reasonable pre-suit investigation into the evidence or into the law.

Kirton McConkie violated Rule 11(b)(3) and Rule 11(b)(1) when it signed the Complaint and Amended Complaint asserting a cause of action against Defendants for breach of contract. The allegations related to such cause of action, including that Defendants had received confidential and proprietary business information, and trade secrets, of Sub Zero, and that Defendants had used such information in the operation of their store the Arctic Scoop, were without basis and were without evidentiary support. The Court further finds that such allegations were not based on a reasonable pre-suit investigation, and that Kirton McConkie failed to conduct a reasonable investigation into any information allegedly given to Defendants by Sub

Zero and/or its franchisees, as well as into any information actually used by Defendants in the operation of the Arctic Scoop.

Kirton McConkie violated Rule 11(b)(2) and Rule 11(b)(3) when it signed the Complaint and Amended Complaint asserting a cause of action against Defendants for misappropriation of trade secrets. The allegations related to such cause of action, including that Defendants had received trade secrets of Sub Zero, and that Defendants had used such trade secrets of Sub Zero in the operation of the Arctic Scoop, were without basis and were without evidentiary support. Further, any contention that any information at issue constituted a trade secret was not warranted by existing law. The Court further finds that such allegations were not based on a reasonable pre-suit investigation, and that Kirton McConkie failed to conduct a reasonable investigation into any information allegedly given to Defendants by Sub Zero and/or its franchisees, as well as into any information actually used by Defendants in the operation of the Arctic Scoop.

The Court further states that it has expressly considered the purported justifications offered by Kirton McConkie in its Response (DN 53) and at the hearing regarding its pre-suit investigation and alleged basis for the assertion of each of the claims and allegations at issue, and finds that Kirton McConkie failed to conduct a reasonable pre-suit investigation prior to filing the Complaint. Further, Kirton McConkie's alleged reliance on its client does not absolve it of any of the violations of Rule 11 set forth above.

The Court further finds that the conduct by Kirton McConkie during this case, which was set forth in Defendants' Motion, violated 28 U.S.C. § 1927, because it constituted the pursuit of claims subject to dismissal and which should not have been filed, and demonstrated a reckless indifference to Kirton McConkie's obligations to the Court and vexatiously multiplied and prolonged these proceedings. Such conduct further violated ongoing obligations pursuant to

Rule 11, including because Kirton McConkie withheld information and documents and otherwise prevented the Court and Defendants from learning of Kirton McConkie's prior Rule 11 violations and from learning of the bases for dismissal of Sub Zero's claims. Such conduct by Kirton McConkie during this case which violated 28 U.S.C. § 1927 and ongoing obligations under Rule 11 included the following:

Kirton McConkie improperly withheld the purported assignment documents, drafted in March 2016, until March 23, 2017. Such documents show Kirton McConkie's awareness of the false allegations of Sub Zero's ownership of the '566 Patent in the original Complaint and Sub Zero's lack of standing to assert the claim for infringement of the '566 Patent. Such documents also show Sub Zero's lack of standing to assert the claim of infringement of the '868 Patent asserted in the Amended Complaint. Such documents were subject to mandatory disclosure subsequent to the service of Sub Zero's initial disclosures in September 2016, and were improperly withheld until March 23, 2017.

Kirton McConkie further also improperly withheld documents and correspondence between Sub Zero and its franchisees related to Sub Zero's trade secret and contract claims until March 23, 2017. Such belatedly produced documents further disclosed that Kirton McConkie did not contact the key witnesses with alleged evidence to support the trade secret and contract claims, Jason and Melissa Barth, until October 2016.

Kirton McConkie further asserted without any basis in Sub Zero's September 2016 initial disclosures that multiple witnesses, Jerry Hancock, Jason Barth and Melissa Barth, had knowledge to support Sub Zero's trade secret and contract claims, including knowledge of disclosure of trade secrets to Defendants and Defendants' misappropriation of trade secret information of Sub Zero, when these witnesses had no such knowledge. Kirton McConkie

similarly made assertions in Sub Zero's October 2016 trade secret contentions regarding trade secrets allegedly misappropriated by Defendants that were without basis.

Such conduct by Kirton McConkie related to the trade secret and contract claims prevented Defendants from learning of the lack of evidence in Sub Zero's possession to support such claims. Further, such conduct necessitated unnecessary depositions and discovery, as well as the continued defense of the trade secret and contract claims, until Kirton McConkie admitted in July 2017, after the dismissal of the claims for patent infringement, that it did not have any evidentiary basis for these claims.

Kirton McConkie's opposition to Defendants' Motion to Dismiss (DN 36), including both Kirton McConkie's response (DN 39) and Motion for Leave to File Second Amended Complaint (DN 40) further violated 28 U.S.C. § 1927 and Rule 11. Kirton McConkie based this opposition on a legally irrelevant narrative regarding a purported oral, exclusive license of the '566 Patent which had existed since prior to the original Complaint. This alleged oral, exclusive license, even if it had existed since prior to the original Complaint, would not have cured the standing defect or altered that Sub Zero's claim for infringement of the '566 Patent was subject to dismissal. Such conduct vexatiously multiplied these proceedings, and constituted a further violation of Rule 11(b)(2) and Rule 11(b)(3) when Kirton McConkie signed the Opposition (DN 39), the Motion for Leave to File Second Amended Complaint (DN 40) and the Reply in Support (DN 44).[1]

---

[1] In finding that sanctions are warranted, the court notes the following comments made by Kirton McConkie's counsel at hearing: "I want to start by apologizing to the Court on behalf of my firm. I am representing my firm in the capacity as an attorney. My firm is my client. And I stand in a position where I can apologize, extend a very heartfelt apologies to the Court. I've done the same with the defendant's counsel. We're sorry this has happened. And we are willing to fall on our sword here, Your Honor. The problem is that the sword that the defendants are asking us to fall on is larger than it should be." *See* Feb. 9, 2018 Hr'g Tr., at 25:7-15.

## SANCTIONS AMOUNT

The Court finds that the pattern of continuous and repeated misconduct by Kirton McConkie in violation of Rule 11 and 28 U.S.C. § 1927, which began with the filing of the original Complaint and continued throughout this case, warrants the imposition of the sanction of Defendants' entire reasonable attorneys' fees, costs and expenses incurred in this case. All of Defendants' fees, costs and expenses were incurred as a direct and proximate result of Kirton McConkie's violations of Rule 11 and 28 U.S.C. § 1927 in this case. Such sanctions are necessary to compensate Defendants for the abusive litigation tactics of Kirton McConkie, including in forcing Defendants to defend against claims and allegations which should never have been filed. Such sanctions are warranted to compensate Defendants for the fees and expenses incurred due to Kirton McConkie's unreasonable and vexatious multiplication of proceedings in this case. Such sanctions are necessary to reimburse Defendants for their out of pocket costs and to make Defendants whole.

The Court further determines that such sanctions are the minimum necessary to deter such litigation misconduct in the future. Kirton McConkie exhibited disregard for its obligations under Rule 11 when it filed each of the claims at issue in this case. This included a disregard for the reasonable pre-suit investigation which is necessary prior to filing a complaint. In addition, Kirton McConkie took numerous improper steps during the case to prevent the disclosure of documents and information which revealed the lack of basis for Sub Zero's claims as well as violations of Rule 11 and 28 U.S.C. § 1927. Kirton McConkie's pattern of conduct demonstrates bad faith or a disregard of attorney obligations in filing and pursuing claims, which is akin to bad faith. Sanctions in the form of Defendants' reasonable attorneys' fees, costs and expenses are a necessary deterrent of this type of misconduct and litigation abuse. The Court further finds that

7

such sanctions will also serve to streamline court dockets and facilitate case management, including in deterring such litigation misconduct and the assertion of lawsuits and/or claims which should not be brought.

Accordingly, Kirton McConkie is sanctioned pursuant to Rule 11 and 28 U.S.C. § 1927 and is ordered to pay to Defendants their reasonable attorneys' fees, costs and expenses incurred in this case.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Sanctions is GRANTED, the Court finding that sanctions against Kirton McConkie pursuant to Rule 11 and 28 U.S.C. § 1927 are necessary and warranted. Sanctions against Kirton McConkie shall be in the form of Defendants' reasonable attorneys' fees, costs and expenses incurred in this case, as outlined in the Application and supplemental materials, in the total amount of $361,841.93.

Dated this _27th_ day of _April_____, 2018.

U.S. District Court Judge Bruce S. Jenkins